BREWSTER, Judge,
concurring in the judgment:
I conclude the search warrant was supported by probable cause. United States v. Gourde, 440 F.3d 1065 (9th Cir.2006) (en banc). I accord more deference to the independent judgment of the magistrate judge and to the experience and training of the investigating officer. Based upon Officer Bobkiewiez’s specific training and experience in the field of sex crimes against children, the facts presented led him to conclude that an individual who molests children probably possesses child pornography. I agree with the Eighth Circuit’s analysis in United States v. Colbert, 605 F.3d 573, 578 (8th Cir.2010), that it is a common sense leap that an adult male, who teaches sixth graders, engaged in this type of inappropriate conduct would likely possess child pornography. Accord United States v. Byrd, 31 F.3d 1329, 1340 (5th Cir.1994); United States v. Houston, 754 F.Supp.2d 1059, 1062-64 & n. 1 (D.S.D. 2010); see also Osborne v. Ohio, 495 U.S. 103, 111 n. 7, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990). Dougherty’s pattern of affirmative misconduct with several sixth grade students is closely related to an interest in looking at sexual images of minors. The facts suggested to Officer Bobkiewicz, a highly trained and experienced “Sex *902 Crimes/Juvenile Detective, that a potential child predator has moved along the continuum of looking and into the realm of touching. Dougherty’s active misconduct distinguishes his case from the cases involving defendants who may have passively received unsolicited child pornography. E.g., United States v. Kelley, 482 F.3d 1047, 1051 (9th Cir.2007); United States v. Weber, 923 F.2d 1338, 1345 (9th Cir.1990). More importantly, the magistrate judge reviewed the affidavit and signed the search warrant. The magistrate judge’s determination “should be paid great deference.” Gourde, 440 F.3d at 1069(quoting Illinois v. Gates, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).
Although I disagree with the probable cause analysis, I concur that the police officers are entitled to qualified immunity. Accordingly, my position would not alter the outcome of this case.